IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALARMFORCE INDUSTRIES, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PATRICK M. EGAN | : | NO. 19-4716 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                              August 19, 2020

Alarmforce Industries, Inc. ("Alarmforce" or "Plaintiff") brought suit against Patrick M. Egan ("Defendant") to recover on a guaranty of a commercial loan. Presently before the court is Plaintiff's motion for summary judgment. The facts are not in dispute and this motion for summary judgment is uncontested. For the reasons that follow, I will grant the motion.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On June 19, 2017, Kourt Security Partners, LLC ("Kourt") executed and delivered a Subordinated Term Note for $2,883,222.44 ("the Note") to Alarmforce LP. Doc. 1 at 10-14.[1] The Note's maturity date was December 19, 2018. Id. at 10. The Note provided for interest to accrue at a rate of 6% per annum and in the event of default would accrue from the point of default at 9%. Id. at 10. Default was defined to include nonpayment of any indebtedness under the Note within five days after the maturity date. Id. As security for the Note, Defendant, who was also the Chief Operating Officer of Kourt, executed a

---

[1]All pinpoint citations to documents filed in this court will be to the court's ECF pagination or the specific paragraphs of the Complaint and Answer.

Personal Guaranty Agreement on June 19, 2017 ("the Guaranty"), pursuant to which Defendant guaranteed payment of the obligations of the Note if Kourt failed to satisfy the Note within 180 days of its maturity date. Id. at 16-21. Alarmforce LP assigned its rights, title, and interest in the Note and Guaranty to Alarmforce on October 30, 2018. Doc. 1 at 23. By its terms, the Note matured on December 19, 2018, and on July 22, 2019 (215 days after maturity), Alarmforce sent a Notice of Default and Demand for Payment demanding full payment from Defendant in the amount of $3,292,956.00, including principal and interest. Doc. 1 at 25-26. Defendant does not dispute these facts.[2]

Alarmforce brought suit on October 9, 2019, invoking this court's diversity jurisdiction, asserting a single count for breach of contract, and alleging that the amount due in principal and interest was $3,345,564.93. Doc. 1. On June 10, 2020, the date Alarmforce filed its summary judgment motion, it sought $3,527,859.64, including principal and interest. Doc. 21-1 at 6. Although Defendant requested and was granted an

---

[2]In his Answer, Defendant admitted execution of the Note and Guaranty, that the Note was not repaid by Kourt, and that Plaintiff sent him the Notice of Default and Demand for Payment. Doc. 6 ¶¶ 7-7-8, 10-11. He did not specifically admit failure to pay any amounts due under the Note and Guaranty, but he is deemed to have done so. In the Complaint, Plaintiff alleged: "On July 22, 2019, Plaintiff sent Defendant a Notice of Default and Demand for Payment pursuant to which Plaintiff demanded payment in full of Note . . . . To date, Defendant has failed to do so." Doc. 1 at 7 ¶ 11. In his Answer, Defendant responded: "Admitted only that Plaintiff sent Defendant a Notice of Default and Demand for Payment. The contents of the Demand are conclusions of law which are deemed denied." Doc. 6 ¶ 11. Thus, Defendant did not respond to the factual allegation that he has failed to repay on the Guaranty, and he is thereby deemed to have admitted the allegation. Fed. R. Civ. P. 8(b)(6). Nowhere in his Answer did Defendant present any defense to his obligation other than by boilerplate denial of legal conclusions.

extension to July 28, 2020, to respond to the summary judgment motion, Docs. 24 & 25, he has not filed a response.

## II.     LEGAL STANDARD – SUMMARY JUDGMENT

A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).[3] A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute. . . ." Fed. R. Civ. P. 56(c)(1)(A), (B). "Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact." Boykins v. Lucent Techs., Inc., 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000). The evidence presented must be viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

Where, as here, a non-moving party fails to oppose a motion for summary judgment, the motion may only be granted where the court determines that summary judgment is appropriate pursuant to Rule 56. Anchorage Assoc. v. Virgin Islands Bd. of

---

[3] Anderson predated the 2010 Amendment to Rule 56. However, the change in wording and location within the rule for the summary judgment standard did not alter the standard or caselaw interpretation of the standard. Fed. R. Civ. P. 56 advisory committee's note to 2010 Amendments.

Tax Review, 922 F.2d 168, 175 (3d Cir. 1990); Fed. R. Civ. P. 56(e) (where party fails to address another party's assertion of fact, the court may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it"). Summary judgment is appropriate where the movant has "shown itself to be entitled to judgment as a matter of law." Anchorage, 922 F.2d at 175. The analysis of an uncontested motion depends on which party bears the burden of proof. Id. Where, as here, the moving party has the burden of proof, the court must determine that the facts entitle the moving party to judgment as a matter of law. Id.

### III. DISCUSSION

To establish a claim for breach of contract under Pennsylvania law, the plaintiff must demonstrate (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages. Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C., 137 A.3d 1247, 1258 (Pa. 2016); Udodi v. Stern, 438 F. Supp.3d 293, 299 (E.D. Pa. 2020).

Defendant concedes that Kourt executed the Note and that Defendant executed the Guaranty. Docs. 1 & 6 ¶¶ 7, 8. Defendant does not challenge the authenticity of the documents presented to this court, nor has Defendant challenged the validity of the assignment of the Note and Guaranty to Alarmforce. Id. ¶ 9. As noted, Defendant concedes that Kourt did not satisfy the Note, and he is deemed to have admitted that he had not satisfied his obligations under the Guaranty. Id. ¶ 10; supra n.2.

The Note and Guaranty establish the rights and responsibilities of the parties. The Note provides for repayment of the principal, interest of 6% per annum until the maturity

date, and an interest rate of 9% per annum if the Note is not repaid within five days of the Maturity Date.  Doc. 1 at 10.  The Guaranty establishes Defendant's obligation to repay on the Note 180 days after it matured on December 29, 2019.  Because the undisputed documents presented to this court establish that Defendant is liable for the repayment of the Note and there are no issues of material fact regarding such liability, I find that Plaintiff is entitled to judgment as a matter of law.

In answering the Complaint, Defendant denied the calculations of interest and default interest provided in the Complaint.  Doc. 6 ¶ 12.  Thus, within ten days of the entry of this Memorandum and Order, counsel shall confer and provide the court with the amount of the award to be entered on September 1, 2020, based on the interest provided for in the Note.

An appropriate Order follows.